# EXHIBIT A

Received
02/01/2007 12:54 FAX 732 257 5654          GALEX WOLF. LLC          Feb  1 2007  J1pm                    ☒005



SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED

JAN  5 2007

GREGORY EDWARDS
DEPUTY CLERK
OF SUPERIOR COURT

GALEX WOLF LLC
1520 U.S. Highway 130 Suite 101
North  Brunswick, New Jersey 08902
(732) 257-0550
Attorneys for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY
DOCKET NO. L-2576-06  000 139-07

ANTONIO BOLTON

                    Plaintiffs

              vs.                                Civil Action

                                                 COMPLAINT
                                                 AND JURY DEMAND

CITY OF NEW BRUNSWICK;
CLERK OF MUNICIPAL COURT
OF CITY OF NEW BRUNSWICK;
COUNTY OF MIDDLESEX,
MIDDLESEX COUNTY
CORRECTIONS CENTER;
JOHN DOES, (#1 THRU #5)

                    Defendants.
_____/

       The plaintiff, Antonio Bolton, residing at 43 Arden Street, Somerset, New Jersey complaining

of the defendants says:

                              FIRST COUNT

       1.  On or about the 7th day of June, 2005 the plaintiff, Antonio Bolton, was falsely imprisoned

and deprived of his liberty in the Middlesex County Work House until June 29, 2005, for a total of

22 days.

       2.  The defendants named herein and the John Does, whose identities are unknown,

Receive.
02/01/2007 12:54 FAX 732 257 5654          GALEX WOLF, LLC          Feb 1 2007 u. 31pm          ☑006

intentionally confined the plaintiff at the Middlesex County Work House without legal justification, depriving the plaintiff of his civil liberties and entitling the plaintiff to tort damages.

3. The plaintiff was confined at the Middlesex County Work House during the aforementioned period of time against his will and as a result of the negligence of the defendants named herein.

4. The plaintiff was properly brought before the Municipal Court judge of the Municipal Court of the City of New Brunswick on June 7, 2005. The appearance was based upon a failure to pay a Municipal Court fine of $713.00.

5. On the aforementioned date the judge of the Municipal Court ordered that the plaintiff be released upon the payment of a fine in the amount of $20.00.

6. Due to the negligence of the clerk of the court and John Does, whose true identities are unknown to the plaintiff, an Order was entered by the court which did not reflect the judge's Order that the plaintiff be immediately released.

7. At all times mentioned herein the Clerk of the Municipal Court of New Brunswick is an agent, servant, or employee of the defendant, City of New Brunswick.

8. At all times mentioned herein the defendants, John Does, whose true identities are unknown to the plaintiff, are agents, servants and/or employees of the defendants, City of New Brunswick, Middlesex County Corrections Center a/k/a the Middlesex County Work House; the Municipal Court of New Brunswick; and the County of Middlesex.

9. The plaintiff notified all the defendants named herein of the judge's decision to release him and they did ignore his demands to be released; they were further negligent and careless in their failure to investigate the matter; all of which caused the plaintiff to be unlawfully incarcerated at the Middlesex County Work House for the period of time set forth herein, against his will.

Receive
02/01/2007 12:54 FAX 732 257 5654        GALEX WOLF. LLC        Feb 1 2007 .  1pm        ☒007

10.  As a direct and proximate result of the negligence of the defendants, plaintiff was caused to sustain severe mental anguish; loss of enjoyment of life;  he was caused to lose time from his employment; he was caused to sustain permanent injury.

WHEREFORE the plaintiff demands judgment against the defendants for damages, interest and cost of suit.

## JURY DEMAND

The plaintiff demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules, Richard Galex, Esq. is hereby designated as trial counsel.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that Defendant disclose to Plaintiff's attorneys whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a Judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the Judgment and provide plaintiff's attorneys with true copies of such insurance agreements or policies, including but not limited to any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

Dated: December 27,  2006

GALEX WOLF LLC
Attorneys for Plaintiff

By:_____
RICHARD GALEX

02/01/2007 12:55 FAX 732 257 5654      GALEX WOLF, LLC      Feb 1 2007 c  pm      @008

## CERTIFICATION PURSUANT TO R. 4:5-1

RICHARD GALEX, does hereby certify as follows:

1. I am an attorney at law of the State of New Jersey, and an attorney in the law firm of Galex Wolf LLC., attorneys for the plaintiff, and am familiar with the above captioned matter.

2. To the best of my knowledge, information and belief, there is no other action pending about the subject matter of this Complaint in any court or arbitration proceeding nor are there any other persons known to me who should be added as parties to this matter nor are there any other actions contemplated.

3. I do hereby certify that the foregoing statements made by me are true to the best of my knowledge and if knowingly made false, I am subject to punishment.

Dated: December 27, 2006                    _____

                                            RICHARD GALEX

# EXHIBIT B

GALEX WOLF LLC.
1520 U.S. Highway 130 Suite 101
North Brunswick, New Jersey 08902
(732) 257-0550
Attorneys for Plaintiffs

FILED

FEB 0 1 2008

Judge Nicholas J. Stroumtsos, Jr.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY
DOCKET NO. L 139-07

ANTONIO BOLTON

Plaintiff

vs.                                              Civil Action

CITY OF NEW BRUNSWICK
ET AL

**ORDER**
**Amending Plaintiff's Complaint**

Defendants.

_____/

This matter having been brought before the Court on motion of Galex Wolf LLC, attorneys

for PLAINTIFF, for an Order permitting the plaintiff to amend his complaint to include a Second

Count alleging a violation of his civil rights ;  and the court having considered the matter and good

cause appearing;

It is on this  1  day of  February  2008

ORDERED that the plaintiff is hereby permitted to file an Amended Complaint to include a Second

Count alleging a violation of his civil rights;   and it is further

ORDERED that the within Order shall be served on all parties within    days from the date

hereof.

_____
                                                J.S.C.

EXHIBIT C

# GALEX WOLF LLC

**ATTORNEYS AT LAW**

1520 U.S. Hwy. 130, Suite 101
North Brunswick, NJ 08902
(732) 257-0550 Fax (732) 257-5654
www.galexwolf.com

**Richard Galex**
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
Member NJ, FL, OH, TX, USVI Bars

**Andrew R. Wolf**
Member NJ Bar

**Henry P. Wolfe**
Member NJ, NY & MI Bars

**Steven B. Portnoff**
Of Counsel

**Charles N. Miller**
Of Counsel

February 14, 2008

Lora B. Glick, Esq.
Dvorak & Associates
390 George Street
8th Floor
New Brunswick, NJ 08901

Patrick J. Bradshaw, Esq.
Kelso & Bradshaw
132 Hamilton Street
P.O. Box 1208
New Brunswick, NJ 08903

Re: Bolton v. City of New Brunswick et al

Dear Counsel:

Enclosed herein please find an Order amending plaintiff's complaint together with a copy of plaintiff's First Amended Complaint in connection with the above matter.

Thank you for your attention.

Very truly yours,

RICHARD GALEX

RG/lv
enc.

GALEX WOLF LLC
1520 U.S. Highway 130
Suite 101
North  Brunswick, New Jersey 08902
(732) 257-0550
Attorneys for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX  COUNTY
DOCKET NO. L 139-07

ANTONIO BOLTON

              Plaintiffs

              vs.

Civil Action

**FIRST AMENDED COMPLAINT
AND JURY DEMAND**

CITY OF NEW BRUNSWICK;
CLERK OF MUNICIPAL COURT
OF CITY OF NEW BRUNSWICK;
COUNTY OF MIDDLESEX,
MIDDLESEX COUNTY
CORRECTIONS CENTER;
JOHN DOES, (#1 THRU #5)

              Defendants.
_____/

The plaintiff, Antonio Bolton, residing at 43 Arden Street, Somerset, New Jersey complaining

of the defendants says:

**FIRST COUNT**

1. On or about the 7th day of June, 2005 the plaintiff, Antonio Bolton, was falsely imprisoned

and deprived of his liberty in the Middlesex County Work House until June 29, 2005, for a total of

22 days.

2.    The defendants named herein and the John Does, whose identities are unknown, intentionally confined the plaintiff at the Middlesex County Work House without legal justification, depriving the plaintiff of his civil liberties and entitling the plaintiff to tort damages.

3. The plaintiff was confined at the Middlesex County Work House during the aforementioned period of time against his will and as a result of the negligence of the defendants named herein.

4. The plaintiff was properly brought before the Municipal Court judge of the Municipal Court of the City of New Brunswick on June 7, 2005.  The appearance was based upon a failure to pay a Municipal Court fine of $713.00.

5.  On the aforementioned date the judge of the Municipal Court ordered that the plaintiff be released upon the payment of a fine in the amount of $20.00.

6.  Due to the negligence of the clerk of the court and John Does, whose true identities are unknown to the plaintiff, an Order was entered by the court which did not reflect the judge's Order that the plaintiff be immediately released.

7.  At all times mentioned herein the Clerk of the Municipal Court of New Brunswick is an agent, servant, or employee of the defendant, City of New Brunswick.

8.  At all times mentioned herein the defendants, John Does, whose true identities are unknown to the plaintiff, are agents, servants and/or employees of the defendants, City of New Brunswick, Middlesex County Corrections Center a/k/a the Middlesex County Work House; the Municipal Court of New Brunswick; and the County of Middlesex.

9.  The plaintiff notified all the defendants named herein of the judge's decision to release him and they did ignore his demands to be released; they were further negligent and careless in their failure to investigate the matter; all of which caused the plaintiff to be unlawfully incarcerated at the Middlesex County Work House for the period of time set forth herein, against his will.

10. As a direct and proximate result of the negligence of the defendants, plaintiff was caused to sustain severe mental anguish; loss of enjoyment of life;  he was caused to lose time from his employment; he was caused to sustain permanent injury.

WHEREFORE the plaintiff demands judgment against the defendants for damages, interest and cost of suit.

## SECOND COUNT

1. The plaintiff repeats the allegations contained in the First Count as if more fully set forth herein at length.

2. At all times mentioned herein the defendants were acting under color of law.  This action is brought against these defendants both in their individual and in their official capacities.

3. The defendant, City of New Brunswick, a municipal corporation organized and existing under the laws of the State of New Jersey located in the County of Middlesex and at all times mentioned herein ,was an employer of the judge and clerk of the Municipal Court and of the John Does who performed services in the Municipal Court on June 7, 2005.

4. Defendant, County of Middlesex, is organized and exists under the laws of the State of New Jersey and at all times mentioned herein,  does employ and manage the Middlesex County Corrections Center commonly known as the Middlesex County Workhouse and it is responsible for the conduct of its agents, servants and/or employees whose true identities are unknown to the plaintiff, who were employed at the workhouse from June 7, 2005 until such time as the plaintiff was released from custody.  On and after a hearing held on June 7, 2005, at which time there was an Order of the Municipal Court judge releasing the plaintiff from the custody of the county and the workhouse, those present at the hearing failed to abide by the order of the court and continued to restrain the plaintiff at the workhouse against his will.

5.  The plaintiff was subjected to false arrest and false imprisonment as a result of the failure to abide by the court's order to release the plaintiff.

6.  The aforementioned acts of the employees of the county and the Municipal Court were acts and omissions that deprived the plaintiff of due process, civil and constitutional rights and privileges and immunities guaranteed to him by the Constitution of the United States including but not limited to his Fourth Amendment right to be free from unlawful seizure of his person; his Eighth Amendment right to be free from cruel and unusual punishment; and his Fifth and Fourteenth Amendment rights to due process of law; and 42 U.S.C. Section 1983 and related provisions of federal law.

7.  The defendants named herein and those whose true identities are unknown, failed to have proper policies and procedures in effect and failed to adequately train and/or supervise their employees with respect to situations such as that involving the plaintiff and said defendants knew or should have known that their failure to implement appropriate policies and procedures and to properly train and supervise employees would result in civil rights violations such as those described herein.

8.  The failure of the defendants named herein to properly train and supervise their employees as well as the actions, inactions, procedures and policies or  lack thereof taken, created and implemented by said defendants were a direct and proximate cause of the wrongful conduct and deprivation of rights enumerated above, and of the damages incurred by the plaintiff.

WHEREFORE the plaintiff, Antonio Bolton, demands judgment against the defendants, County of Middlesex, City of New Brunswick, Middlesex County Corrections Center, and its employees, jointly and severally, for compensatory damages; punitive damages; costs of suit; reasonable attorneys' fees; and any further relief that the court deems appropriate.

## JURY DEMAND

The plaintiff demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules, Richard Galex, Esq. is hereby designated as trial counsel.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that Defendant disclose to Plaintiff's attorneys whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a Judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the Judgment and provide plaintiff's attorneys with true copies of such insurance agreements or policies, including but not limited to any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

Dated: February 1, 2008

GALEX WOLF LLC
Attorneys for Plaintiff

By: _Richard Galex_
RICHARD GALEX

<u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

RICHARD GALEX, does hereby certify as follows:

1. I am an attorney at law of the State of New Jersey, and an attorney in the law firm of Galex Wolf LLC., attorneys for the plaintiff, and am familiar with the above captioned matter.

2. To the best of my knowledge, information and belief, there is no other action pending about the subject matter of this Complaint in any court or arbitration proceeding nor are there any other persons known to me who should be added as parties to this matter nor are there any other actions contemplated.

3. I do hereby certify that the foregoing statements made by me are true to the best of my knowledge and if knowingly made false, I am subject to punishment.

Dated: February 1, 2008

RICHARD GALEX